1 | **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

2 | Name: _McGhee_ _Tijue_ _A._

3 | _(Last)_ _(First)_ _(Middle Initial)_

4 | Prisoner Number: _1156331_

5 | Institutional Address: _300 BRADFORD STREET_

6 | _REDWOOD CITY, CA. 94063_

7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

**FILED**

Aug 16 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

10 | _Tijue Adolphus McGhee,_
_(Enter your full name.)_

11 |
)

12 | vs. )

Case No. _4:23-cv-4161 HSG_
_(Provided by the clerk upon filing)_

13 | _SAN MATEO COUNTY'S_ )
_SHERIFFS OFFICE_ )

**COMPLAINT UNDER THE
CIVIL RIGHTS ACT,
42 U.S.C. § 1983**

14 | _CORRECTIONS DIVISION et. al._ )

15 | _(Enter the full name(s) of the defendant(s) in this action.)_ )

16 |

17 | **I. Exhaustion of Administrative Remedies.**

18 | **_Note:_** _You must exhaust available administrative remedies before your claim can go_

19 | _forward. The court will dismiss any unexhausted claims._

20 | A. Place of present confinement _MAGUIRE CORRECTIONAL FACILITY_

21 | B. Is there a grievance procedure in this institution?   YES ☒   NO ☐

22 | C. If so, did you present the facts in your complaint for review through the grievance

23 | procedure?   YES ☒   NO ☐

24 | D. If your answer is YES, list the appeal number and the date and result of the appeal at each

25 | level of review. If you did not pursue any available level of appeal, explain why.

26 | 1. Informal appeal: _No Documents Have Been Found_

27 | _Or Returned By San Mateo County Sheriffs_

28 | _Deputies On 5-11-2023 After Verbal Request._

2. First formal level: Plaintiff's Grievance Was Sent To Service League Who Returned Documents, To Be Delivered By San Mateo County Jail Deputies

3. Second formal level: No Reply On Grievance From Sgt. Gilletti, Was Sent To Service League Who Does Not Transport Documents, Only Deputy's At Night Do So.

4. Third formal level: No Reply.

_____

_____

E. Is the last level to which you appealed the highest level of appeal available to you?

      YES ☒    NO ☐

F. If you did not present your claim for review through the grievance procedure, explain why.

_____

_____

_____

## II. Parties.

A. Write your name and present address. Do the same for additional plaintiffs, if any.

Tijue Adolphus McGhee  MAGUIRE FACILITY
300 BRADFORD STREET 5-WEST-02
REDWOOD CITY, CA. 94063

B. For each defendant, provide full name, official position and place of employment.

San Mateo County Sheriffs Office Corrections Division et., al.
F. Radetic, corrections officer  Maguire Correc-
tional Facility. Redwood City, CA. 94063.

_____

_____

_____

PRISONER COMPLAINT (rev. 8/2015)
*Page 2 of 3*

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

Plaintiff Tiyue Adolphus McGhee was intentionally retaliated against for the exercise of Constitutionally protected activity. While plaintiff was preparing Federal court documents non-relative to San Mateo County or involving the San Mateo County Sheriff's Office or Corrections Division. Without provocation, corrections officers confiscated and destroyed Federal court documents sent to plaintiff (United States District Court Northern District of California Application To Proceed In Forma Pauperis By A Prisoner Under 28 U.S.C. §1915) This Federal court document is just but one

## IV. Relief. (See Page 3 of 3 - (1)-(5) Cont.,)

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes. Plaintiff prays that the Court orders declaratory and monetary relief for the violation of Constitutionally protected activity when plaintiff's Federal Court documents were "confiscated and destroyed" by Maguire Correctional Facility Corrections Officers, (See Page 3 of 3 (B) Cont.,)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: 8-10-2023

_Date_                           _Signature of Plaintiff_

PRISONER COMPLAINT (rev. 8/2015)
*Page 3 of 3*

1 of two incidents of federal court documents
2 having been "confiscated and destroyed" by
3 the San Mateo County Sheriff's Office Correct-
4 ions Division Officers. On 2-12-2023, the
5 court generated "Application To Proceed IN FORMA
6 PAUPERIS" was "confiscated and destroyed" by
7 San Mateo County Maguire Facility Corrections
8 Officer F. Radetic, when on the date of
9 2-12-2023 he accepted the envelope with
10 those documents addressed to cashier Jason
11 Engle (On Camera) for a 6-month account
12 statement requested by the district court.
13 On This document, was signed by the clerk
14 of the court as instructed by the court
15 pertaining to Civil Case No. 4:23-cv-005
16 32 - HSG.
17
18
19    2. The first page of the federal docu-
20 ment and the instructions for the plaintiff
21 to follow by the court plaintiff still has
22 in his possession (Court Computer Generated) not
23 so the confiscated document that is also
24 court computer generated, "Originals".
25
26
27    3. Cashier Jason Engle stated that
28 he had "never received the envelope" with

1  the document sent to plaintiff on 2-8-2023.
2
3
4      4. Plaintiff then filed a grievance with
5  the sergeant pertaining to his missing Fed-
6  eral document that had been sent out by way
7  of Maguire Correctional Facility Officer F.
8  Radetic, who picked up the mail to be delivered
9  along with my envelope to be delivered to
10 "cashier" Jason Engle on the date of 2-
11 12-2023.
12
13
14     5. Plaintiff then talked with San Mateo
15 County Sheriff's Corrections Sergeant Lopez at
16 8:30 pm on February 25th, 2023 about his
17 missing envelope with the Federal court generated
18 In Forma Pauperis document necessary for the
19 plaintiff to proceed forward, Pro Se in the
20 matter of Case No. 4:23-CV-00532-HSG,
21 for which plaintiff relayed to the sergeant, of
22 the envelope and contents that have "mys-
23 teriously disappeared" after placing the
24 documents in the hands of of corrections
25 officer F. Radetic on 2-12-2023 at
26 or about 11:00 pm Sunday night to be
27 delivered to the cashier "Jason Engle"
28

1  6. Plaintiff then on February 26th, 2023,
2  Corrections officer T. Douglas called the
3  cashier at 3:00 pm to inquire about the
4  receipt of the "informa pauperis document"
5  for a 6 month account summary statement.
6  Mr. Jason Engle was not available on this
7  date, and recommended plaintiff call on
8  Monday the 27th, of 2023.
9
10
11     7. Plaintiff then searched for an additional
12  "informa pauperis document" to substitute
13  for the "still missing federal court
14  computer generated original document".
15  For plaintiff was under court order to
16  meet the scheduled deadline of, 3-6-
17  2023 to file, which plaintiff filed the
18  informa pauperis on 2-28-2023.
19
20
21     8. On 3-19-2023, plaintiff sent in his
22  "Notice of Appeal" to the United States Court
23  of Appeals for the Ninth Circuit.
24
25
26     9. Then again on 3-23-2023, sent to
27  the U.S. District Court for the Northern District
28  of California in San Francisco, plaintiff filed

Page 3 of 3 - (3)

1 his Federal complaint by a prisoner under the
2 Civil Rights Act, 42 U.S.C. §1983 pertaining
3 to violations of his First Amendment Rights
4 under the U.S. Constitution for "the obst
5 ructing" "spying", and "destroying" plaintiff's
6 physical U.S. postal mail".
7
8
9    10. After plaintiff filed with the district
10 court, the United States Court of Appeals
11 for the Ninth Circuit, Clerk of the Court
12 sent plaintiff Tijue Adolphus McGhee the
13 Courts own "computer generated court docu-
14 ments for plaintiff to fill out and return
15 to the court". Plaintiff did as the court
16 instructed, and filed his "Informal Open-
17 ing Brief" on 4-26-2023. (See Brief Attached Hereto Ex "1"
18
19
20    11. Furthermore, plaintiff then received
21 from the clerk of the Court of Appeals for
22 the Ninth Circuit Filed April 26th, 2023, No.
23 23-15435 ORDER: Within 35 days after the
24 date of this order, appellant must: (1) File
25 a motion to dismiss this appeal, see Fed. R. App.
26 P. 42 (b), OR "(2) file a statement explaining
27 why the appeal is not frivolous and should go
28 forward". The form statement brief (2) page docu-

1  ments were "confiscated and destroyed"
2  by corrections officers here at the
3  Maguire Correctional Facility on the date
4  of 5-11-2023. (See U.S. Court of Appeals For the
5  Ninth Circuit "ORDER": Filed April 26th, 2023 No. 23-
6  15435 Statement Explaining Why Appeal Is Not
7  Frivolous And Should Go Forward / Form Statement
8  Brief (2) Page Documents "Confiscated And Destroyed" att-
9  ached hereto as Exhibit (2)).
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Page 3 of 3 - (5)

1  not once but twice. Declare that the defend-
2  ants' retaliatory actions violated federal statute
3  §1997 d. Prohibition of retaliation, in that no
4  person reporting conditions which constitute
5  a violation under this Act shall be subjected
6  to retaliation in any manner for so report-
7  ing.
8
9
10   2. Declare as applied to Plaintiff Tije
11  Adolphus McGhee, that the law is clearly
12  established that "prison officials" may not
13  retaliate against or harass a prisoner for
14  exercising the right of access to the cou-
15  rts.
16
17
18   3. Declare that when a government employee
19  "invoke[s] the power of [his or her] office
20  to accomplish the offensive act," "the act"
21  clearly related to the performance of offic-
22  ial duties," and the employee acted under
23  color of state law for the purposes of
24  a §1983 action.
25
26
27   4. Declare that in no way, however, may offic-
28  ials retaliate against plaintiff who exer-

Page 3 of 3 (B)

1 cises. his protected First Amendment
2 rights, which include, but are not limited
3 to, pursuance of institutional grievances,
4 religious expression and access to the courts.
5
6
7   5. Award Plaintiff compensatory damages
8 for the loss of legal federal court documents
9 perpetrated by defendants' by way of confis-
10 cation and destruction behind wrongful, pro-
11 hibited act(s) creating emotional stress an suffering.
12
13
14   6. Award Plaintiff punitive damages against
15 defendants willful knowing that retaliatory acts
16 are prohibited by law, which makes both incidents
17 intentional, as well as malicious.
18
19
20   7. Award Plaintiff reasonable costs and
21 attorney's fees incurred in this action.
22
23
24   8. Any and all other relief that
25 this Court may deem just and proper.
26
27
28   9. Trial by jury is hereby demanded on
            Page 3 of 3 (B)-(2)

1 all claims alleged herein, and the parties
2 are hereby given notice, pursuant to
3 Fed. R. Civ. P. 38(a)-(e).
4
5
6     Respectfully submitted this August
7 10th, 2023.
8
9
10                              X _____
11            Tijue Adolphus McGhee
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Page 3 of 3 (B)-(3).

— Chronological Events —

12. The motive behind the San Mateo County Sheriff's Office Corrections Division, Maguire Correctional Facility Corrections officers "confiscating and destroying" plaintiff's "In forma pauperis document", and then further "confiscating and destroying" plaintiff's "form statement brief" for the Ninth Circuit Court of Appeals is simply behind plaintiff "exercising" his First Amendment right to file a grievance addressing a violation of the law done. Also, to further seek the Courts review of the actions perpetrated against him for engaging in Constitutionally protected activity.

13. On 12-18-2022, plaintiff filed a grievance on the mail being physically prohibited from his personal possession and then required to be sent to a private for-profit company in Florida where all of plaintiffs mail is destroyed by the company which the county of San Mateo and the Sheriff's office hired to do the act.

1   14. On 2-23-2023 plaintiff filed a
2  grievance with the on duty sergeant pertaining
3  to his missing "Federal" in forma pauperis doc-
4  ument" that had been sent by way of a
5  Maguire Correctional Facility corrections offi-
6  cer named, F. Radetic who picked up the mail
7  to be delivered to the "Cashier" by the name
8  of "Jason Engle" on the date of 2-
9  12-2023.
10
11
12   15. Plaintiff then searched for another
13  second part for the 2-page" in forma pauperis
14  documents" sent to the plaintiff by
15  the district court, with the district
16  courts "computer generated stamp" on the
17  document being, Case No. 4:23-cv-00532-
18  HSG, and the district courts FILED stamp on
19  the face of the instructions document
20  that names the "in forma pauperis", and a pos
21  tage paid return envelope enclosed. The
22  documents all of which have staple holes
23  on the face of all (4) four pages. (Please see
24  Exhibit (3) 1-4 attached hereto.)
25
26
27   16. Plaintiff did find a copy page of the
28  second page of the in forma pauperis, but of a
    Page 2 of 14.

1 different make than the originals sent
2 to the plaintiff.
3
4
5     17. After sending in the different
6 "informa pauperis second page" the cashier
7 Jason Engle tried to 'imply' that by his
8 finishing the process of signing and atta-
9 ching the 6 month trust account summary
10 statement, that the issue of the
11 missing document had been resolved on
12 the pod 2/24 & 2/28 2023.
13
14
15     18. The original document that was
16 confiscated has not been found, so there
17 was never anything resolved pertaining to
18 the document confiscated by corrections
19 officer Jason Engle stated himself he
20 had not received any document" so how can
21 he resolve plaintiff's issue pertaining to a
22 confiscated document he never seen.
23
24
25     19. The camera will show corrections officer
26 F. Radetic taking the envelope from the
27 plaintiff on 5-West Unit Cell Number (2),
28 and then taking it along with the mail cart

1  and U.S. Mail containers filled with mail on
2  the cart out the door of Unit S-West
3  on 2-12-2023 at about 11:00 pm Sunday
4  night to be delivered to the cashier Jason
5  Engle.
6
7
8     20. Plaintiff filed his "Notice of Appeal"
9  to the U.S. Court of Appeals for the Ninth
10  Circuit on 3-19-2023. Which the Clerk of the
11  Court sent the plaintiff, True Adolphus
12  McGhee further information with certified
13  documents with instructions to fill out and
14  to return to the court.
15
16
17     21. On 3-23-2023, plaintiff filed his
18  original complaint to the U.S. District
19  Court for the Northern District of Califor-
20  nia in San Francisco California pertaining to
21  the mail policy of San Mateo County and
22  the San Mateo County Sheriff's Office, ban-
23  ning and destroying plaintiff's physical
24  U.S. Mail.
25
26
27     22. On 4-23-2023 plaintiff then sent
28  his initial brief and copies to the Ninth

Page 4 of 14.

1 Circuit Court of Appeals. Then on 4-20-
2 2023 plaintiff received documents from
3 the Clerk of the Court pertaining to his
4 brief filed on 4-23-2023 about his
5 legal mail being read by a California Depar-
6 tment of Corrections Officer, "non-relative
7 to the San Mateo County Sheriffs
8 Offices Corrections Division".
9

10

11    23. On the date of 5-11-2023,
12 Plaintiff Tijue Adolphus McGhee. sent
13 out his completed U.S. Court of Appeals
14 "Form Statement" documents to proceed forw-
15 ard inside one "Manila Envelope" w/3 stamps
16 (PurpleHearts) on the face of the manila
17 envelope. Also attached to the manila was
18 an (INMATE REQUEST FORM) directed to
19 Service League" requesting (6) six copies. The
20 Manila envelope will be waiting for pick up in
21 the Service League Box Downstairs.
22

23

24    24. The only way for plaintiffs "Manila
25 Envelope" to reach the Service League Box
26 Downstairs of the Maguire Facility at that
27 time, was by way of the "Corrections Off-
28 icers" picking up the outgoing U.S. Mail

Page 5 of 14.

1   25. "The 5-West-Unit Service League
2   Box Was Broken, and is still Broken".
3
4
5   26. Plaintiff's manila envelope contained
6   his "form statement for his appeal to proceed forward"
7   and certified, computer generated by the U.S.
8   Court of Appeals for the Ninth Circuit. The
9   plaintiff was using an established service set
10  up and approved by the sheriff's office for
11  providing copies to those "in need for the courts
12  with accurate duplications. Gluth v. Kangas,
13  951 F.2d 1504, 1510 (9th Cir. 1992) ( Prison officials
14  "must provide" for mailing, notary services, and
15  "photocopies", as "litigation necessarily requires
16  some means of accurate duplication because the
17  court and parties need to refer to the same
18  documents ... [and] photocopying is a reasonably
19  means of providing the necessary copies of "peti-
20  tions" "complaints", "answers", motions, affidavits,
21  "exibits" "memoranda and brief", including attach-
22  ments and appendices, material needed for dis-
23  covery and investigation, including interrogat-
24  ories and freedom of information requests.
25
26
27  27. These documents were sent in for
28  photocopies to be made as the Court of

Page 6 of 14.

1  Appeals for the Ninth Circuit instructs all
2  appellants in its "Guide" from the Office
3  of the Clerk. 1. Send a copy of all documents
4  to opposing counsel. When you send a docum-
5  ent to the court, you must also send a
6  copy (including any attachments) to oppos-
7  ing counsel. 2. Make copies of all documents
8  you send to the court and to opposing
9  counsel and keep all papers sent to you
10 Put everything in a folder that you keep in
11 a safe place. (PRO SE Appeals (September 2022)
12 page 5., go to: www.ca9.uscourts.gov)
13
14
15    28. San Mateo County Sheriff's Office
16 Corrections Division officers impeded
17 plaintiff while exercising his First Amend-
18 ment right to access the court by
19 "confiscating and destroying certified
20 court generated documents" causing harm
21 to plaintiff's appeal by not being able
22 to provide copies, and the original docu-
23 ments to be sent to the Court of App-
24 eals instructed plaintiff to do so, by using
25 only those documents"
26
27
28    29. The interference by corrections of

Page 7 of 14.

1 icers at the Maguire Correctional Facility, that
2 confiscated legal papers that demanded imme-
3 diate legal attention," causing plaintiff's
4 claim on appeal, as a right, to become frust-
5 rated and "dismissed". As the Court is well
6 versed with the exception to the otherwise
7 strict "actual injury" rule arises with
8 the fundamental deprivation of access rights
9 "such as when a prison or jail is devoid of virtu-
10 ally any legal assistance programs," or if officials
11 conspire to forestall a prisoner's claim", Canell
12 v. Lightner, 143 F. 3d 1210, 1213 (9th Cir. 1998)

13
14
15    30. On 5-24-2023, plaintiff sent a letter
16 to the Clerk of the Court of Appeals to
17 let them know the documents, (2) two pages
18 were "confiscated and destroyed" by the San
19 Mateo County Sheriff's Corrections Division
20 officers, whom plaintiff had been suing
21 over destroying his physical U.S. mail. And
22 then again," sent a letter to the Court
23 of Appeals seeking federal oversight of
24 San Mateo County and the Sheriff's Office
25 Corrections Division.
26
27
28    31. 5-11-2023 Reference # 15, 365, 507
                Page 8 of 14.

1 request: I have a Manila Envelope ready for
2 pick up for copies to be made. Thank you, Today
3 is 5-11-2023 Thursday. Response by Ms. J.
4 Peñafort on 5-11-2023 at 2:06 pm Noted.
5 Thank You.
6
7
8   32. 5-16-2023 Reference #15,424,34
9 A. Request: I sent documents to you by
10 way of "Service League" copy drop box down
11 stairs in intake for copies to be made
12 for me. Can you please expedite those copies
13 to me. Thank you so much. Response by Ms.
14 A. Ponce on 5-17-2023 at 8:36 am Noted
15 Thank you SL.
16
17
18   33. 5-22-2023 Reference # 15,491,3
19 84 Request: On 5-16-2023, I requested
20 for my documents to be returned to me.
21 I have not received those documents in the
22 Manila Envelope with the (3) three purple
23 heart stamps on the manila envelope.
24 Can you please return my property. Thank
25 you. Response "We received and returned
26 your copies on 5-11-2023. Ms. J. Peña-
27 fort on 5-23-2023 at 11:49 am.
28

1    34. 5-23-2023 Reference # 15,500,693
2  Request: Ms. Peñafort, I have not been given
3  that manila envelope at all. "So somebody is
4  playing games with my federal documents"
5  Please track them down for me because
6  I can't do anything about it. All docu-
7  ments should be brought directly to
8  me. Response: 5-23-2023 at 3:02 pm
9  If you provided another set of legal ma-
10 terials for photocopy's than the one we del-
11 ivered on 5-11-2023, we have yet to re-
12 ceive any other materials.
13
14

15    35. 5-24-2023 Reference # 15,506,438
16 Request: The Manila Envelope has a inmate
17 request form attached to the manila, along
18 with the (3) three purple heart stamps on
19 the manila, and to the left of the stamps
20 is the first and second initial letter to
21 my name and my identification number.
22 So it is not hard to miss. The Manila is
23 taped up so it cannot be sent out through
24 the mail and there is no address on the
25 envelope. This material was never received
26 back in 5-West-02. Response: Unfortuna-
27 tely, given the information that you provided
28 we have not received any "new" legal documents for photocopy
              Page 10 of 14.

1 Thank you SL Law Library. 5-25-2023
2 at 11:33 am.
3
4
5   36. 6-1-2023   Reference #15,607,984.
6 Request: Federal Documents sent to me by the
7 U.S. Court of Appeals For The Ninth Circuit on
8 April 26th, 2023 have been missing since May
9 11th, 2023. Enclosed in a Manila Envelope, with
10 a taped "INMATE REQUEST FORM" addressed to
11 Service League" For copies. Sent by way of San Mateo County Sheriff's
12 deputies. The documents have yet to be returned and it is now June 2023.
13
14
15   37. San Mateo County Sheriff's office and
16 Corrections Division Officers have engaged in a
17 pattern of practice of conduct that has
18 deprived plaintiff Tijue Adolphus McGhee of
19 rights under the Constitution and Fed-
20 eral law. This mode of operation, means of
21 accomplishing an "act", especially the characte-
22 ristic method employed by the defendants
23 in "repeated" criminal acts". In which to
24 "smother" and "stamp out" plaintiff's right
25 guaranteed to him under the First Amend-
26 ment of the U.S. Constitution". While acting
27 under color of state law, and utilizing
28 a office of trust to retaliate against

1  the plaintiff by confiscating his legal
2  court documents "not once" "but twice"
3  because the plaintiff was exercising his
4  First Amendment right to complain, to
5  petition the government in redress of
6  grievances, which includes the right of
7  reasonable meaningful access to the courts.
8  Johnson v. Avery, 393 U.S. 483, 89 S. Ct. 747,
9  21 L.Ed. 2d 718 (1967); Davis v. Goord, 320 F.3d
10  346 (2nd Cir. 2003); McDade v. West, 223 F.3d 1135
11  1140 (9th Cir. 2000) (holding that when a govern-
12  ment employee "invok[es] the power of [his or her]
13  office to accomplish the offensive act", that
14  act" clearly related to the performance
15  of official duties," and the employee
16  acted under color of state law for the
17  purposes of a § 1983 action).
18
19
20     38. In no circumstances, however, may
21  officials retaliate against any inmate
22  who exercises his or her protected First
23  Amendment rights. Carter v. Hutto, 781
24  F.2d 1028 (4th Cir. 1986) (access-to-courts claim
25  stated where prison officials confiscated and
26  destroyed legal material); Rand v. Rowland,
27  154 F.3d 952 (9th Cir. 1998); Chaviceol v. Philips,
28  169 F.3d 313 (5th Cir. 1999); Kennedy v. Bonewell,

1   413 Fed. Appx. 836 (6th Cir. 2011).

2

3

4      39. San Mateo County Sheriff's Office

5   Corrections Division Officers have caused

6   plaintiff "mental and emotional distress"

7   by the actions taken against him by the

8   corrections officers acting under color of

9   state law to recklessly, intentionally, and

10   maliciously retaliate against plaintiff

11   for exercising his Constitutionally protect-

12   ed rights. Morrison v. Hall, 261 F. 3d 896 (9th

13   Cir. 2001); Smith v. Campbell, 250 F. 3d 1032 (6th

14   Cir. 2001); Fogle v. Pierson, 435 F. 3d 1252 (10th

15   Cir. 2006); Ferril v. Parker Group, Inc. 168 F. 3d

16   468 (11th Cir. 1999); Baily v. Runyon, 220 F. 3d

17   879 (8th Cir. 2000); Daskalea v. D.C., 227 F.

18   3d 433 (D.C. Cir. 2000); Springer v. Henry, 435

19   F. 3d 268, 281-282 (3rd Cir. 2006); Silva v.

20   DeVittorio, 658 F. 3d 1090 (9th Cir. 2011).

21

22

23      40. The in forma pauperis statute, 28

24   U.S.C. §1915 is designed to ensure that indi-

25   gent litigants have meaningful access to

26   the federal courts. Nietzke v. Williams,

27   490 U.S. 319 (1989) Specifically, Congress

28   enacted the in forma pauperis statute

1  to ensure that administrative court costs
2  and filing fees, both of which must be
3  paid by everyone else who files a lawsuit,
4  would not prevent indigent persons
5  from pursuing meaningful litigation.
6  A court "must protect the right of
7  indigent persons to have access to
8  the courts.
9
10    "Respectfully Submitted"
11
12
13                      x _____
14                      Tijue Adolphus McGhee
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Proof Of Service

On the date of August 10th, 2023, I Tijue Adolphus McGhee did file a 42 U.S.C. §1983 Civil Rights Complaint with the U.S. District Court for the Northern District of California, 450 Golden Gate Avenue, Box 36060, San Francisco, CA. 94102. Did place with the complaint this proof of service by mail.

I, Tijue Adolphus McGhee, do hereby declare under penalty of perjury that the foregoing is true and correct under the laws of the State of California, and under the laws of the United States of America.

X _Tijue McGhee_

Dated: 8-10-2023

# ATTACHMENTS

1. Exhibit (1): United States Court Of Appeals For The Ninth Circuit, "APPELLANT'S INFORMAL OPENING BRIEF".

2. Exhibit (2): U.S. Court Of Appeals For The Ninth Circuit, "ORDER": Filed April 26th, 2023 NO. 23-15435. Statement Explaining Why The Appeal I's Not Frivolous And Should Go Forward / Form Statement Brief (2) Page Documents "Confiscated And Destroyed" On 5-11-2023. (Exhibits (3),(4),(5),(6) Forthcoming Upon Completion Of Copies).

3. Exhibit (3):1-A United States District Court Northern District Of California, "Application To Proceed IN FORMA PAUPERIS" By A Prisoner Under 28 U.S.C. § 1915, "Confiscated And Destroyed" 2-12-2023.

4. Exhibit (4): "Yellow Rod Grievance Form And Letter" To The U.S. District Court And Clerk Mark B. Busby.

5. Exhibit (5): "Grievance Forms 1&2" And Service League Response.

6. Exhibit (6): "Letter" To The U.S. Court Of Appeals For The Ninth Circuit Clerk.

i.

EXHIBIT "1"

1. APPELLANT'S OPENING BRIEF.

I.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

Tijne Adolphus McGhee

Appellant(s),

vs.

R. Jaime-Dammy et. al.

Appellee(s).

9th Cir. Case No. 23-15435

District Court or
BAP Case No. 4:23-CV-00552-HSG

## APPELLANT'S INFORMAL OPENING BRIEF

*(attach additional sheets as necessary, up to a total of 50 pages including this form)*

**JURISDICTION.** This information helps the court determine if it can review your case.

1.  Timeliness of Appeal:

    a.  What is the date of the judgment or order that you want this court to review? March 16th, 2023

    b.  Did you file any motion, other than for fees and costs, after the judgment was entered? Answer yes or no: NO.

        • If you did, on what date did you file the motion? _____

        • For prisoners or detainees, what date did you give the motion to prison authorities for mailing? _____

        • What date did the district court or bankruptcy appellate panel (BAP) decide the motion that you filed after judgment? _____

    c.  What date did you file your notice of appeal? 3-19-2023

        • For prisoners or detainees, what date did you give your notice of appeal to prison authorities for mailing? 3-19-2023

9th Cir. Case No. 23-15435                                          Page 2

**FACTS.** Include all facts that the court needs to know to decide your case.

2.   What are the facts of your case? On June 23, 2019, plaintiff informed defendant A. Wren that he had outgoing legal mail. The mail was clearly marked as legal mail and was addressed to plaintiff's attorney, Richard Braucher of the First Appellate District Project in Oakland, California.

Plaintiff handed the mail to defendant Wren who logged the mail. Defendant Jaime-Daumy grabbed the mail, opened the envelope, read the contents, and then asked why the Office of Administrative Law Document was in the envelope.

Plaintiff protested and defendant Jaime-Daumy asked, in an intimidating manner, if there was a problem. Plaintiff replied that the problem was defendant Jaime-Daumy reading his legal mail within eyesight of defendant Wren.

Plaintiff asked defendant Wren if he saw what defendant Jaime-Daumy was doing. Defendant Wren then told defendant Jaime-Daumy that correctional officials may not read inmates' legal confidential mail. Defendant Jaime-Daumy responded that he did not care about plaintiff's legal mail or access to the courts bullshit, and that when he worked this dorm, he would read all outgoing mail.

9th Cir. Case No. 23-15435          Page 3

**PROCEEDINGS BEFORE THE DISTRICT COURT OR THE BAP.** In this section, we ask you about what happened before you filed your notice of appeal with this court.

3.   What did you ask the district court or the BAP to do—for example, did you ask the court to award money damages, issue an injunction, or provide some other type of relief?   Yes.

Plaintiff asked for the Court to help with righting the wrongs committed against him violating Constitutional rights guaranteed to him, not by one, but two "corrections officers" who showed him his rights as a prisoner under their watch, and care meant nothing, even as a U.S. Citizen. The Court find plaintiff the sound resolution granting nominal, compensatory, and punitive damages for concrete constitutional violations by the defendants, as well as any other relief the Court deems fit.

4.   What legal claim or claims did you raise in the district court or at the BAP?

Plaintiff raised cognizable First, Sixth, and Fourteenth Amendment claims within the complaint allegations that defendant Jaime-Dummy read legal mail addressed to his appellate counsel and that defendant Wren allowed it to happen.

First Amendment right to freedom of speech, and Fourteenth Amendments right to due process and access to courts, or some combination thereof. Prison officials read his legal mail interfering with his right to consult privately with counsel states a Sixth Amendment claim.

5.   **Exhaustion of Administrative Remedies.** For prisoners, did you use up all administrative remedies for each claim before you filed your complaint in the district court? If you did not, please tell us why. Yes, And No.

Plaintiff filed a grievance regarding defendant Jaime-Dummy reading his confidential legal mail. This grievance was answered at the second level on July 15, 2019, but prison officers delayed returning the grievance to plaintiff until August 13, 2019 in order to prevent plaintiff from timely appealing the issue to the third and final level, which is required to exhaust administrative remedies. Plaintiff's third level appeal was denied [5] as exceeding time limits. (see D. Pending Motions Dkt. No. 3.)

9th Cir. Case No. 23-15435

Page 4

**PROCEEDINGS BEFORE THE COURT OF APPEALS.** In this section, we ask you about issues related to this case before the court of appeals and any previous cases you have had in this court.

6. What issues are you asking the court to review in this case? What do you think the district court or the BAP did wrong? The reading of plaintiff's legal mail, the allowing it to take place by a veteran official in a position of trust. The evidence sent ~~to the~~ plaintiff by the restitution collections agency having no dealings with plaintiff or appellate counsel.

Plaintiff has taken responsibility for being chemically dependant due to underlying circumstances of inability to find employment, no stable housing to inform the court of change of address. Still the court closed plaintiff's case for those reasons. But constitutional injuries have occured and is still affecting the plaintiff by the actions of defendants who have substantial support, not so plaintiff.

7. Did you present all issues listed in Question 6 to the district court or the BAP? Answer yes or no: Yes.

If not, why not?

9th Cir. Case No. 23-15435                              Page 5

8.   What law supports these issues on appeal? (You may refer to cases and statutes, but you are not required to do so.) Plaintiff's allegations that defendant Jaimer Laumy read legal mail addressed to his appellate counsel and defendant A. Wren allowed it, is backed by the First, Sixth, and Fourteenth Amendments. Hayes v. Idaho Corr. Ctr. 849 F.3d 1204, 1211-12 (9th Cir. 2017); Nordstrom v. Ryan, 762 F.3d 903, 909 (9th Cir. 2014); Garcia v. Ponciano, 819 F.3d 1191, 1196 (9th Cir. 2017); Elrod v. Burns, 427 U.S. 347, — S. Ct. —, — L.Ed.2d — (1976)(First Amendment deprivations, regardless of how short the duration, constitute 'irreparable injury'.

The reading of Confidential: Attorney Client-Privileged Legal Mail does not serve legitimate penological interest. The Act only violates it's own rules and regulations, and the state, federal and Constitutional law prison regulations derive from. Croft v. Roe 170 F.3d 957 (9th Cir. 1999); Mcdonald v. Hall, 610 F.2d 16 (1st Cir. 1979); Morrison v. Hall, 261 F.3d 896 (9th Cir. 2001) (Prison walls do not form a barrier separating prisoners from protections of the Constitution; should a prison regulation or "practice infringe upon a fundamental constitutional right" Federal courts may order such remedies as are necessary to protect those rights guaranteed under the Constitution.

Smith v. Campbell, 250 F.3d 1032 (6th Cir. 2001) (officials must not retaliate against a prisoner for exercising his or her Constitutional rights). Prison Legal News v. Lehman, 397 F.3d 692 (9th Cir. 2005) For mail violation by prison officials, An Asthmatic prisoner was awarded $36,500 in Compensatory and $18,250 in punitive damages.

9th Cir. Case No. _23-15435_                                    Page 6

9. **Other Pending Cases.** Do you have any other cases pending in the court of appeals? If so, give the name and docket number of each case.

No.

10. **Previous Cases.** Have you filed any previous cases that the court of appeals has decided? If so, give the name and docket number of each case.

No.

Tijue Adolphus McGhee
Name

Maguire Correctional Facility/5-W-02
300 Bradford Street
Redwood City, CA. 94063
Address

Signature

4-26-2023
Date

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 24. Motion for Appointment of Counsel

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form24instructions.pdf*

**9th Cir. Case Number(s)** | 23 - 15435

**Case Name** | Tique McGhee v. R. Jaimer Dowry, et al

**Lower Court or Agency Case Number** | A:23-CV-00532-HSG

1. My name is | Tique Adolphus McGhee

2. I am asking the court to appoint an attorney to help me with this case.

3. My fee status is as follows *(select one)*:

   ○ The district court or this court granted my motion to proceed in forma pauperis.

   ☑ I filed a motion to proceed in forma pauperis but the court has not yet ruled on the motion.

   ○ This motion is accompanied by a motion to proceed in forma pauperis.

   ○ I paid the filing fees for this case. However, I cannot afford an attorney for the following reasons:

4. Is this a civil appeal or petition for review?   ☑ Yes   ○ No

   If yes, attach an additional page(s) describing the issues on appeal.
   (Please See Attached Page 2)

My current mailing address

Maguire Correctional Facility/5-West-02, 300 Bradford Street

**City** | Redwood City   **State** | CA   **Zip Code** | 94063

**Prisoner Inmate or A Number (if applicable)** | 1156331

**Signature** | *[signature]*   **Date** | 4-26-2023

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 24**                                                            *New 12/01/2018*

1. On June 23rd, 2019, Plaintiff Tijue Adolphus McGhee informed defendant A.Wren that he had outgoing legal mail while at San Quentin State Prison. The mail was clearly marked "Legal Mail" and was addressed to his appellate attorney Richard Braucher of the First Appellate District Project in Oakland California.

2. Plaintiff handed his legal mail to defendant A. Wren who logged the mail, when defendant Jaime-Dauray grabbed the mail, opened the envelope and read the contents without any consent and defendant A. Wren allowed it to happen, violated my First, Sixth and Fourteenth Amendment rights guaranteed under the United States Constitution.

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 29. Request for Docket Sheet, Document, or Rules

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form29instructions.pdf*

**9th Cir. Case Number(s)** 23-15435

**Case Name** Tijue McGhee V. R. Jaime-Danny, et. al.

## What are you requesting?

☒ A copy of the Federal Rules of Appellate Procedure and 9th Circuit Rules

☐ A copy of the 9th Circuit docket sheet

☐ A copy of the following document(s) on the 9th Circuit docket:

| Date and/or Docket Entry # | Description of Document |
|---|---|
|  |  |
|  |  |
|  |  |

**Your Name** Tijue Adolphus McGhee

**Your mailing address**

Maguire Correctional Facility/E-West-02

300 Bradford Street

**City** Redwood City **State** CA **Zip Code** 94063

**Prisoner Inmate or A Number (if applicable)** 1156331

**Signature** _[signature]_ **Date** 4-26-2023

---

***Mail this form to the court at:***
Clerk, U.S. Court of Appeals for the Ninth Circuit, P.O. Box 193939, San Francisco, CA 94119-3939

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 29** *New 12/01/2018*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 25. Certificate of Service for Paper Filing

### ATTENTION ELECTRONIC FILERS: DO NOT USE FORM 25
Use Form 25 only if you are not registered for Appellate Electronic Filing.

**Instructions**
- You must attach a certificate of service to each document you send to the court and to opposing counsel.
- Include the title of the document you are serving, the name and address of each person you served with a copy of the document, and the date of mailing or hand delivery.
- Sign and date the certificate. You do not need to have the certificate notarized.
- Remember that you must send a copy of **all** documents and attachments to counsel for **each** party to this case.

**9th Cir. Case Number(s)** 23-15435

**Case Name** Tijue McGhee V. R. Jaime-Dawry, et.al.

I certify that I served on the person(s) listed below, either by mail or hand delivery, a copy of the OPENING BRIEF, MOTION FOR APPT.OF COUNSEL et.al and any attachments. *(title of document you are filing, such as Opening Brief, Motion for ___, etc.)*

**Signature** _[signature]_   **Date** 4-26-2023

| Name | Address | Date Served |
|---|---|---|
| CARSON RICHARD NIELLO | OFFICE OF THE ATTORNEY GENERAL CORRECTIONAL LAW SECTION 455 GOLDEN GATE AVE SAN FRANCISCO CA 94102-7002 | 4-26-2023 |
| | | |
| | | |
| | | |

***Mail this form to the court at:***
Clerk, U.S. Court of Appeals for the Ninth Circuit, P.O. Box 193939, San Francisco, CA 94119-3939
*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 25**                                                      *Rev. 12/01/2018*

EXHIBIT #2

1. ORDER / Documents " Form Statement Brief
(2) Pages "Confiscated And Destroyed", Which
Makes (6) Pages Received From The Clerk Of The Court
Molly C. Dwyer.

II.

**23-15435**

Tijue Adolphus McGhee, #J39474
MCF - MAGUIRE CORRECTIONAL FACILITY
300 Bradford St.
Redwood City, CA 94063

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

APR 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIJUE ADOLPHUS MCGHEE, | No.   23-15435 |
| Plaintiff-Appellant, | D.C. No. 4:23-cv-00532-HSG<br>Northern District of California,<br>Oakland |
| v. | |
| R. JAIME-DAUMY, Correctional Officer;<br>RONALD BROOMFIELD, Warden, | ORDER |
| Defendants-Appellees. | |

A review of the record reflects that this appeal may be frivolous. This court

may dismiss a case at any time, if the court determines the case is frivolous. *See*

28 U.S.C. § 1915(e)(2).

Within 35 days after the date of this order, appellant must:

(1) file a motion to dismiss this appeal, *see* Fed. R. App. P. 42(b), OR

(2) file a statement explaining why the appeal is not frivolous and should go

forward.

If appellant does not respond to this order, the Clerk will dismiss this appeal

for failure to prosecute, without further notice. *See* 9th Cir. R. 42-1. If appellant

files a motion to dismiss the appeal, the Clerk will dismiss this appeal, pursuant to

Federal Rule of Appellate Procedure 42(b). If appellant submits any response to

AC/MOATT

this order other than a motion to dismiss the appeal, the court may dismiss this appeal as frivolous, without further notice.

If the court dismisses the appeal as frivolous, this appeal may be counted as a strike under 28 U.S.C. § 1915(g).

The briefing schedule for this appeal remains stayed.

The Clerk shall serve on appellant: (1) a form motion to voluntarily dismiss the appeal, and (2) a form statement that the appeal should go forward. Appellant may use the enclosed forms for any motion to dismiss this appeal or statement that the appeal should go forward.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Alex Christopher
Deputy Clerk
Ninth Circuit Rule 27-7

AC/MOATT

2

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

_____     9th Cir. Case No. _____

Appellant(s),


v.


_____

Appellee(s).


## MOTION TO VOLUNTARILY DISMISS APPEAL




Pursuant to Federal Rule of Appellate Procedure 42(b), appellant(s)

_____hereby move(s)

the court for an order dismissing appeal No. _____-_____.




Dated: _____     _____

                               Print Name(s)

                               _____

                               Signature(s)


                               Appellant(s) in Pro Se