UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TIJUE ADOLPHUS MCGHEE,

    Plaintiff,

v.

SAN MATEO COUNTY SHERIFF'S OFFICE CORRECTIONS DIVISION, et al.,

    Defendants.

Case No. 23-cv-04161-HSG

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, an inmate currently housed at North Kern State Prison, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

Plaintiff names as defendants "San Mateo County Sheriff's Office Corrections Division, et al.," and Maguire Correctional Facility officer F. Radetic. Dkt. No. 1 at 2.

The complaint alleges that Plaintiff has been retaliated against for engaging in constitutionally protected activity. Specifically, Plaintiff alleges that, on December 18, 2022, he filed a grievance challenging San Mateo County's mail policy whereby physical mail intended for San Mateo County inmates must be sent to a company in Florida and scanned, and the inmates receive that mail in electronic format, with the original hard copy mail destroyed, and that the following two acts were in retaliation for this grievance. First, on February 12, 2023, his *in forma pauperis* application for C No. 23-cv-0532 HSG[1] went missing after he gave it to defendant F.

---

[1] On February 6, 2023, the Court received a letter from Plaintiff addressed to the Clerk of the Court, stating that he sought to update his address and stating that he had a case against correctional officer R. Jaime-Daumy, former San Quentin State Prison ("SQSP") warden Ron Ward, and current SQSP warden Broomfield, for tampering with his mail. C No. 23-cv-0532 HSG, *McGhee v. Jaime-Daumy, et al.* ("*McGhee II*"), Dkt. No. 1. That same day, the Clerk of the Court erroneously opened an action based on this letter and sent Plaintiff deficiency notices, informing Plaintiff that the action would be dismissed unless he (1) filed a complaint using the complaint form, and (2) either paid the filing fee or filed an application to proceed *in forma pauperis*. *McGhee II*, Dkt. Nos. 3, 4. The next day, February 7, 2023, the Court dismissed *McGhee II* as opened in error, noting that it appeared that Plaintiff sought to file the letter in the closed case, C No. 20-cv-05135 HSG, *McGhee v. Brumfield, et al.* ("*McGhee I*"), and ordering the Clerk to administratively close *McGhee II* as opened in error and docket Dkt. Nos. 1 and 2 in *McGhee II* in this case in *McGhee I*. *McGhee II*, Dkt. No. 5. Plaintiff appealed the Court's dismissal of this action to the Ninth Circuit, and the Ninth Circuit dismissed the appeal as frivolous. *McGhee II*, Dkt. No. 20. It is unclear why Plaintiff believes that he needed to file an *in forma pauperis* application in *McGhee II*. *McGhee II* was closed as opened in error.

2

Radetic for delivery to cashier Jason Bugle. Second, on May 11, 2023, Plaintiff sent his Ninth Circuit *in forma pauperis* application to the Service League for photocopies to be made, as required by Ninth Circuit filing procedures. While the Service League informed Plaintiff that they made the requested photocopies and sent the documents to Plaintiff, Plaintiff never received back the original or the photocopies. *See generally* Dkt. No. 1.

The Court DISMISSES the complaint because it suffers the deficiencies identified below.

First, the complaint's conclusory allegations fail to state a First Amendment retaliation claim. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). To state a First Amendment retaliation claim, the prisoner must plausibly allege *inter alia* that the protected conduct was a substantial or motivating factor for the alleged retaliatory action. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997). A formulaic recitation of the elements of a cause of action does not suffice to state a cognizable claim for relief. *Ashcroft*, 556 U.S. at 677–78. It is unclear whether defendant Radetic knew of Plaintiff's December 18, 2022 grievance, and why Plaintiff has reason to believe that defendant Radetic was motivated by the December 18, 2022 grievance. It is also unclear why Plaintiff has reason to believe that defendant Radetic destroyed the *in forma pauperis* application. By itself, the allegation that the application went missing after he handed it to defendant Radetic is insufficient to state a First Amendment retaliation claim. Similarly, with respect to the alleged destruction of his appellate *in forma pauperis* application, Plaintiff has failed to explain why he has reason to believe that correctional officials knew of his protected conduct and destroyed his copies of his appellate *in forma pauperis* application. By itself, the allegation that his appellate *in forma pauperis* application and the copies of this application went missing after the Service League made copies is insufficient to state a First Amendment retaliation claim. Plaintiff must provide more than conclusory statements that defendant Radetic or unnamed correctional officials retaliated against him to state a cognizable

3

1  claim for First Amendment retaliation.

2  Second, with respect to the alleged destruction of his appellate *in forma pauperis*
3  application, Plaintiff must identify which correctional officials are responsible for the alleged
4  destruction. Plaintiff cannot sue all correctional officials employed by the San Mateo County
5  Sheriff's Office Correctional Division simply because he has not determined which of the officers
6  are responsible for the alleged destruction of his appellate *in forma pauperis* application.[2]

7  The Court GRANTS Plaintiff leave to file an amended complaint addressing the
8  deficiencies identified above. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district
9  court should grant leave to amend unless pleading could not possibly be cured by allegation of
10 other facts).

## CONCLUSION

For the foregoing reasons, the Court DISMISSES the complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies. The amended complaint must include the caption and civil case number used in this order, Case No. C 23-04161 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk

---

[2] In essence, Plaintiff is seeking to sue "John Doe" defendants. Generally speaking, the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), in part because it is effectively impossible for the United States Marshal to serve an anonymous defendant. The Court's general practice is to dismiss Doe defendants without prejudice and, if the plaintiff is able to identify the unknown defendant through discovery, allow the plaintiff leave to amend the complaint to name the intended defendant. *See Gillespie*, 629 F.2d at 642. Plaintiff may not use the federal discovery process to determine the identity of the officers. *Cf. Calderon v. U.S. Dist. Ct. (Nicolaus)*, 98 F.3d 1102, 1106 (9th Cir. 1996) ("[C]ourts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation.") (federal habeas action).

1  shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

2  **IT IS SO ORDERED.**

3  Dated: 2/15/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge